UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEGLIS YOHARDIS SALAZAR OSUNA,<br><br>Petitioner,<br><br>v.<br><br>LADEON FRANCIS, Field Office Director of Enforcement and Removal Operations, New York Field Office, Immigration and Customs Enforcement; TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement, KRISTI NOEM, Secretary, U.S. Department of Homeland Security; PAMELA BONDI, U.S. Attorney General; and EXECUTIVE OFFICE FOR IMMIGRATION REVIEW;<br><br>Respondents. | No. 25-CV-9823<br><br>MEMORANDUM<br>OPINION AND ORDER |

RONNIE ABRAMS, United States District Judge:

On November 25, 2025, the Petitioner, Deglis Yohardis Salazar Osuna, was detained by U.S. Immigration and Customs Enforcement. Dkt. No. 1 ("Pet.") ¶ 3.  The same day, Petitioner's next friend filed a petition for a writ of habeas of corpus (the "Petition") seeking his immediate release from custody, *id.*, to which the Government replied.  Dkt. 8 ("Gov. Opp'n").  On December 3, 2025, the Court held a hearing on the Petition, after which it ordered Mr. Salazar Osuna's immediate release, finding that the Government violated his right to due process under the Fifth Amendment.  Dkt. 12.  Mr. Salazar Osuna was released the same day.  Dkt. 13.

This Memorandum Opinion and Order memorializes the reasons underlying the grant of Mr. Salazar Osuna's Petition.  The Government has stated that the circumstances of Mr. Salazar Osuna's detention are "materially indistinguishable" from those considered by this Court in *Rivera Esperanza v. Francis*, No. 25-CV-8727 (RA), 2025 WL 3513983 (S.D.N.Y. Dec. 8, 2025).  Gov. Opp'n at 3.  The Court agrees.  In *Rivera Esperanza*, the Court concluded that 8 U.S.C. § 1226(a) governed the Petitoner's detention, rather than 8 U.S.C. § 1225(b)(2)(A), as the Government contended.  *Rivera Esperanza*, 2025 WL 3513983, at *2–6.  The Court also determined that, because the Government did not provide the Petitioner any process before his arrest under Section 1226, it violated the Petitioner's right to due process.  *Id.* at *7–8.  Finally, the Court found that the Petitioner was excused from exhausting his administrative

remedies because "administrative appeal would be futile" and the Petitioner "ha[d] raised a substantial constitutional question." *Id.* at *9 (quoting *Beharry v. Ashcroft*, 329 F.3d 51, 62 (2d Cir. 2003), *as amended* (July 24, 2003)).

For the reasons stated in *Rivera Esperanza*, the Court makes the same findings here:  Mr. Salazar Osuna's arrest by ICE was governed by Section 1226(a), he was not afforded any process before his arrest, and he is excused from exhausting his administrative remedies.  On this basis, the Court granted Mr. Salazar Osuna's Petition and ordered his release from custody on December 3, 2025.

Mr. Salazar Osuna also seeks an award of reasonable fees and costs pursuant to the Equal Access to Justice Act ("EAJA").  Pet. at 18.  Under the EAJA, a court shall award to a "prevailing party" reasonable fees and expenses incurred in a "civil action" against the United States unless the court finds that "the position of the United States was substantially justified." 28 U.S.C § 2412. "A party prevails if the court grants relief to the party based on 'an assessment of the merits' and thus 'unquestionably' and 'materially alter[s] the existing legal relationship between the parties.'" *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *13 (S.D.N.Y. Nov. 26, 2025) (quoting *Vacchio v. Ashcroft*, 404 F.3d 663, 674 (2d Cir. 2005)). Habeas petitions "challenging immigration detentions" are "civil actions" within the meaning of the EAJA.  *Id.*

Here, Mr. Salazar Osuna is the prevailing party in a civil action against the United States.  The Court finds that the Government's position "was not substantially justified," since it does not "and has never had a reasonable basis in statutory text, structure, or history." *Id.*  Mr. Salazar Osuna is entitled, therefore, to reasonable fees and costs.  He may submit an application for fees and costs pursuant to 5 U.S.C. § 504 and 28 U.S.C. § 2412 by January 16, 2026.

SO ORDERED.

Dated:        December 15, 2025
              New York, New York

_____
Ronnie Abrams
United States District Judge