UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DEGLIS YOHARDIS SALAZAR OSUNA,

Petitioner,

v.

LADEON FRANCIS, Field Office Director of
Enforcement and Removal Operations, New York Field
Office, Immigration and Customs Enforcement; TODD
LYONS, Acting Director, U.S. Immigration and
Customs Enforcement, KRISTI NOEM, Secretary, U.S.
Department of Homeland Security; PAMELA BONDI,
U.S. Attorney General; and EXECUTIVE OFFICE
FOR IMMIGRATION REVIEW;

Respondents.

No. 25-CV-9823

ORDER

---

RONNIE ABRAMS, United States District Judge:

On December 3, 2025, this Court granted Petitioner's application for a writ of habeas corpus and ordered his immediate release from ICE custody.  Dkt. 12.  On January 16, 2026, Petitioner submitted a motion for attorney's fees under the Equal Access to Justice Act ("EAJA"). Dkt. 15.  The Clerk of Court entered judgment for Petitioner on February 3, 2026.  The government opposed Petitioner's request for fees as untimely, Dkt. 19, to which Petitioner replied.  Dkt. 21.

A party seeking an award under the EAJA must submit its application "within thirty days of final judgment in the action."  28 U.S.C. § 2412(d)(1)(B).  "The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."  *Melkonyan v. Sullivan*. 501 U.S. 89, 96 (1991).  If the government chooses to appeal that final judgment, the time to file an application for fees under the EAJA begins to run following the final disposition of that appeal. *See id.* at 102.

Here, the parties dispute whether the entry of "final judgment" in this action occurred when

the Court issued a writ of habeas corpus, on December 3, 2025, or when the Clerk of Court entered judgment on February 3, 2026.  Whether a "final judgment" is entered for the purposes of an EAJA fee application is connected to when the time to appeal has commenced to run.  The Supreme Court has made clear that, under Rule 58, the time to file an appeal does not begin to run until a "separate judgment has been filed and entered" which is "set out on a separate document—distinct from any opinion or memorandum—which provides the basis for the entry of judgment."  *Bakers Tr. Co. v. Mallis*, 435 U.S. 381, 385 (1978).  That separate judgment was entered in the instant case on February 3, 2026.  The government's 60-day window to file an appeal, therefore, commenced on that date.

The Court will hold Petitioner's application for fees in abeyance until the judgment in this case becomes final under the EAJA.  If the government does not file an appeal within 60 days of the entry of judgment, it shall file a response to Petitioner's motion for fees by April 17th, 2026. *See United States v. 27.09 Acres of Land*, 1 F.3d 107, 111 (2d Cir. 1993) (noting that if an application for fees under the EAJA is filed before a final judgment is entered, the "District Court may determine that the application petitioner has already filed is sufficient" so that "petitioner will not be prejudiced by having filed prematurely.") (quoting *Melkonyan*, 501 U.S. at 103).  If the government does file an appeal within 60 days of the entry of judgment, the Court will hold Petitioner's motion for fees in abeyance, without prejudice to renewal, pending the resolution of the appeal and any subsequent proceedings.

SO ORDERED.

Dated:        February 18, 2026
              New York, New York

_____
Ronnie Abrams
United States District Judge